United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ACTIAN CORPORATION,
Plaintiff,
v.
LEICA GEOSYSTEMS, INC.,
Defendant.

Case No. 26-cv-00977-NC

**ORDER DENYING MOTION TO DISMISS**

Re: ECF 16

Before the Court is Defendant Leica Geosystems, Inc.'s Motion to Dismiss Plaintiff's third and fourth claims for contributory and vicarious copyright infringement.[1] Plaintiff alleges that Defendant distributed Plaintiff's copyrighted software to Defendant's customers and users after Defendant's license to do so expired. For the reasons stated below, the Court DENIES Defendant's Motion and GRANTS Plaintiff leave to amend to add allegations regarding Cyclone REGISTER 360 PLUS.

## I. BACKGROUND

### A. Factual Background

Plaintiff alleges as follows. Plaintiff develops and licenses data management

[1] Defendant also moved to dismiss Plaintiff's fifth claim for negligence. ECF 16. The Court previously dismissed the claim with prejudice pursuant to the parties' joint stipulation. ECF 35.

software used in business applications. ECF 17, FAC, ¶ 1. Plaintiff's software is protected by numerous copyright registrations. *Id.* ¶ 14. Defendant used Plaintiff's software as an embedded component in its own software products, including the "Cyclone" 3D laser scanners and associated Cyclone Software. *Id.* ¶ 2.

On March 31, 2024, the parties entered into a settlement agreement which granted Defendant a limited, time-bound license, expiring on September 30, 2025, to use or distribute copies of Versions 12 and 14 of the software. *Id.* ¶¶ 3–4. The settlement agreement provided that perpetually-licensed copies of software that Defendant had previously distributed prior to the settlement agreement would survive the September 30, 2025, expiration. *Id.* ¶ 25. However, Defendant maintained public download availability, enabled new installations, and facilitated continued use of the software beyond the expiration date. *Id.* ¶ 60. Defendant has the technical and contractual ability to stop use of Plaintiff's software but chooses not to. *Id.* ¶ 64. Defendant failed to take down the infringing material from its website until March 16, 2026, when Plaintiff asked Defendant to do so. *Id.* ¶¶ 38, 98.

### B. Procedural Background

On January 30, 2026, Plaintiff filed the complaint. ECF 1. On April 2, 2026, Defendant moved to dismiss the complaint. ECF 16. Plaintiff filed a corrected amended complaint and opposed Defendant's motion. ECF 17, 22. Defendant replied. ECF 23.

The parties have consented to magistrate judge jurisdiction. ECF 29.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail*

United States District Court
Northern District of California

*Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's third and fourth claims for contributory and vicarious copyright infringement. ECF 16. The Court addresses each claim in turn below.

### A. Contributory Infringement

To state a claim for contributory infringement, Plaintiff must plausibly allege that Defendant (1) had knowledge of a third party's infringement; and (2) either induces, causes, or materially contributes to the infringing conduct. *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013).

#### *i. Knowledge of a Third Party's Infringement*

Defendant argues that Plaintiff has failed to allege "a single specific customer, download event, installation, or execution" which would establish that a third party engaged in infringement. ECF 16 at 10. Plaintiff argues that Defendant enabled third party infringement by knowingly providing Plaintiff's software products beyond the license's expiration. ECF 22 at 15–16.

"To establish liability, the first prong requires more than a generalized knowledge by the [defendant] of the possibility of infringement." *Luvdarts*, 710 F.3d at 1072. "In the online context, . . . a 'computer system operator' is liable under a material contribution theory of infringement 'if it has *actual* knowledge that *specific* infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works.'" *Perfect 10, Inc.*

*v. Giganews, Inc.*, 847 F.3d 657, 671 (9th Cir. 2017) (quoting *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007)).

As an initial matter, Defendant incorrectly states that Plaintiff must allege a specific infringing act. ECF 16 at 10. While that standard applies to sellers of items "capable of substantial noninfringing uses," the general scienter requirement is "that the secondary infringer know or have reason to know of direct infringement." *Entrepreneur Media, LLC v. Meta Platforms, Inc.*, No. 25-cv-09579-VC, 2026 WL 898253, at *1 (N.D. Cal. Mar. 30, 2026) (quoting *Sony Corp. of Am. v. Universal City Studios*, 464 U.S. 417, 442 (1984); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1020 (9th Cir. 2001)). Defendants have not argued, and the Court is not convinced, that third parties can utilize Plaintiff's copyrighted software for substantial noninfringing uses, so the lower scienter requirement applies.

Plaintiff alleges that Defendant, despite the settlement agreement to distribute only time-limited subscription copies, continued to "provide publicly-accessible downloads" and did not "disable downloads, restrict access, implement license-based controls" or "do anything at all to effectuate the cessation of its rights and its customers rights" to use copies of the software after the expiration date. FAC ¶ 53. As such, Defendant "affirmatively enables and facilities the ongoing unauthorized use of the [s]oftware by third parties." *Id.* ¶ 55. There are numerous additional allegations which all suggest that Defendant knew it was selling products, without authorization, which contained Plaintiff's copyrighted software, so Defendant knew or had reason to know of direct infringement. *Id.* ¶¶ 38–46, 57–59. These allegations are sufficient to state a claim for contributory infringement. *See Beijing Meishe Network Tech. Co. v. TikTok Inc.*, No. 23-cv-06012-SI, 2024 WL 1772833, at *9 (N.D. Cal. Apr. 23, 2024) (denying motion to dismiss where defendant was "aware of the use of [plaintiff's] copyrighted source code by the users of, at least, [defendant's] app"); *DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F. Supp. 2d 1119, 1149 (N.D. Cal. 2010) (finding allegations "that DocMagic provided the DocMagic XL program to Encompass licensees, and 'instructed Encompass licensees to use the DocMagic XL

[program] in conjunction with Encompass and the [Encompass] SDK, without Ellie Mae's consent or authorization and in direct violation of the SDK license terms'" sufficient).

Defendant's cited authorities are not persuasive. In *Sony*, the Court considered whether the sellers of home video tape recorders, which the public used to record copyrighted television shows and broadcasts, could be liable for contributory infringement. 464 U.S. at 419–20. The *Sony* court found that "[p]etitioners in the instant case do not supply [home video tape recorders] consumers with respondents' works; respondents do. Petitioners supply a piece of equipment that is generally capable of copying the entire range of programs that may be televised." *Id.* at 436. But here Defendant *is* supplying third parties directly with Plaintiff's copyrighted software, not merely providing "copying equipment" which is "widely used for legitimate, nonobjectionable purposes." *Id.* at 442. *Napster* similarly involved technology which allowed users to share copies of copyrighted music, yet there the court still found liability because defendant knew of the direct infringement and it failed to block access or remove the material. 239 F.3d at 1020–1022. *Asset Vision* is also factually distinguishable because there defendants did not distribute the infringing material in violation of a licensing scheme. ECF 16 at 11; *Asset Vision, LLC v. Fielding*, No. 4:13-cv-00288-BLW, 2013 WL 6633743, at *4 (D. Idaho Dec. 17, 2013). The allegations herein—whereby Defendant directly provided the copyrighted material to its customers in knowing violation of its license—take Defendant's conduct beyond "more than a generalized knowledge by the [defendant] of the possibility of infringement." *Luvdarts*, 710 F.3d at 1072.

***ii. Material Contribution or Inducement***

Defendant argues that Plaintiff's inducement theory fails because it lacks an affirmative act. ECF 16 at 13. Defendant also contends that it did not materially contribute to infringement because it took down the software upon receiving notice from Plaintiff. *Id.* at 14. Plaintiff avers that Defendant induced infringement by distributing the software after license expiration and promoting the product. ECF 22 at 20.

Material contribution "[i]n the online context" requires the defendant to have

"actual knowledge that specific infringing material is available using its system, and . . . simple measures [would] prevent further damage to copyrighted works, yet [the defendant] continues to provide access to infringing works." *Giganews*, 847 F.3d at 671 (quotation omitted). And inducement requires the defendant to "distribute[] a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement." *Id.* at 672.

Plaintiff has alleged sufficient facts to demonstrate that Defendant took "active steps" to "encourage direct infringement." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005). Plaintiff alleges that Defendant provided its users and customers with access to products containing Plaintiff's software after the license expiration date and continues to do so. FAC ¶¶ 38–46, 53. Defendant thus provides "the site and facilities' for direct infringement." *Napster*, 239 F.3d at 1022; *see DocMagic*, 745 F. Supp. 2d at 1149 (declining to dismiss claim where plaintiff alleged that defendant provided the infringing program to third parties without plaintiff's authorization and in violation of license terms); *Werner v. Barcroft Media, Ltd.*, No. 17-cv-02644-JFW (AS), 2017 WL 5633029, at *2 (C.D. Cal. Nov. 21, 2017) (finding defendant materially contributed to the third party's direct infringement by supplying the copyrighted images). Defendant also induced users by offering the Cyclone products which it promoted as "'an integral part of many users' workflow due to its unparalleled ability to handle massive datasets and complex registrations.'" FAC ¶ 100; *see Beijing Meishe Network*, 2024 WL 1772833, at *9 (denying motion to dismiss claim where plaintiff alleged that "defendants induce users to download the [infringing] app and provide instructions online for doing so"). Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's contributory infringement claim.

**B. Vicarious Infringement**

"To succeed in imposing vicarious liability, a plaintiff must establish that the defendant exercises the requisite control over the direct infringer and . . . derives a direct financial benefit from the direct infringement." *Amazon.com*, 508 F.3d at 1173.

United States District Court
Northern District of California

***i. Requisite Control***

Defendant argues Plaintiff's allegations are contradictory—that Plaintiff's software is so embedded in Defendant's products that customers cannot avoid it, but Defendant can suspend its use. ECF 16 at 15–16. Plaintiff contends the complaint adequately alleges that Defendant failed to prevent access to the infringing products. ECF 22 at 23.

"A vicarious infringer 'exercises control over a direct infringer when he has both a legal right to stop or limit the directly infringing conduct, as well as the practical ability to do so.'" *Williams v. Gaye*, 885 F.3d 1150, 1177 (9th Cir. 2018) (quoting *Amazon.com*, 508 F.3d at 1173).

Plaintiff alleges Defendant's software license agreement provides that it has the right to supervise customer usage and licenses. FAC ¶ 114. Plaintiff also alleges that Defendant can control the content and materials available on its own website. *Id.* ¶ 115. This includes the ability to provide for specific types of software licenses, *i.e.*, perpetual or subscription, and track customer product usage. *Id.* ¶¶ 116, 117. Defendant may also suspend a user's access to software due to security or other risks. *Id.* ¶ 118. At this stage, these allegations sufficiently state that Defendant has a legal and practical ability to stop its users from either purchasing its products with the infringing software or continuing to use the infringing software.

Defendant's reliance on *Luvdarts* is unpersuasive. There, the complaint alleged that the defendants *could* establish a system to supervise infringing activity. 710 F.3d at 1071. Plaintiff here alleges that Defendant's already possess a system plausibly capable of supervision. Nor are these allegations conclusory—Plaintiff's allegations "on information and belief" rest upon the license agreements available on Defendant's own website. FAC ¶ 48. Taking Plaintiff's allegations as true as the Court must at this stage, *see Iqbal*, 556 U.S. at 678, Plaintiff has satisfied this first element.

***ii. Direct Financial Benefit***

Defendant argues it is unclear how the infringing software is a draw to customers. ECF 16 at 17; ECF 23 at 8–9. Plaintiff argues that the availability of its software draws in

customers and provides Defendant with increased sales, licensing revenue, and fees from customer care packages. ECF 22 at 25–27.

"Financial benefit exists where the availability of infringing material acts as a draw for customers." *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004) (internal quotation marks and citations omitted). "[T]he size of the 'draw' relative to a defendant's overall business is immaterial. Indeed, [t]he essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps, regardless of how substantial the benefit is in proportion to a defendant's overall profits." *Giganews*, 847 F.3d at 673 (internal quotation marks and citation omitted).

Plaintiff alleges that Defendant touts "Cyclone Core as 'an integral part of many users' workflow due to its unparalleled ability to handle massive datasets and complex registrations.'" FAC ¶ 100. Defendant also enjoys "a direct financial benefit from the infringing activity, including [] increased sales, licensing revenue, support fees, and competitive advantages attributable to the inclusion and functionality of the [s]oftware." *Id.* ¶ 125. This is sufficient to allege that the infringing material is a draw for customers.

Defendant relies on *Giganews*, which actually supports the Court's finding. Notably, in *Giganews*, the Ninth Circuit considered the lower court's summary judgment dismissal of a copyright infringement action. The *Giganews* court held that, to establish the "causal link between the infringing activities and a financial benefit to [defendant]," the plaintiff "was required to provide evidence that customers were drawn to [defendant's] services because of the infringing [plaintiff] material at issue." 874 F.3d at 673–74. Here, under the lower motion to dismiss standard, Plaintiff has plausibly alleged a direct financial benefit. There is a sufficient causal link allged between Defendant's selling the Cyclone products with infringing software and payments Defendant receives for those sales. *See Keck v. Alibaba.com Hong Kong Ltd.*, 369 F. Supp. 3d 932, 939 (N.D. Cal. 2019) (direct benefit alleged where defendant "monetize[d] increased traffic" and "receive[d] commissions" from the infringing goods).

United States District Court
Northern District of California

Defendant, citing *Erickson Prods. Inc. v. Kast*, also tries to argue that Plaintiff cannot proceed on a theory that Defendant benefitted from the infringement by avoiding licensing fees it would have owed Plaintiff. ECF 16 at 17; 921 F.3d 822, 830 (9th Cir. 2019). The complaint does not seek to establish financial benefit on this basis, so Defendant's argument is inapposite. *See* FAC ¶¶ 102, 125. Accordingly, this element is met and the Court DENIES Defendant's Motion to Dismiss Plaintiff's vicarious infringement claim.

***iii. Duplicative of Direct Infringement***

Defendant argues that Plaintiff's vicarious infringement claim is duplicative of its direct infringement claim, so should be dismissed. ECF 16 at 18–19. Defendant only cites to *Napster* for the proposition that "[s]econdary liability for copyright infringement does not exist in the absence of direct infringement by a third party." 239 F.3d at 1013 n.2. Plaintiff's claim is based on direct infringement by Defendant's users and customers, third parties. FAC ¶¶ 111, 112. Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's vicarious infringement claim on this basis.

***iv. Plaintiff is Granted Leave to Amend to Add Allegations Regarding Cyclone REGISTER 360 PLUS***

Plaintiff requests the Court grant leave to include Cyclone REGISTER 360 PLUS in the complaint to the extent it contains the copyrighted software. ECF 22 at 21. Defendant does not appear to contest this request, ECF 23 at 6–7, so the Court GRANTS Plaintiff leave to do so.

## IV. CONCLUSION

Accordingly, the Court DENIES Defendant's Motion to Dismiss and GRANTS Plaintiff leave to, by August 28, 2026, amend the complaint to add allegations regarding Cyclone REGISTER 360 PLUS. Defendant must respond to the amended complaint within fourteen days of its filing.

**IT IS SO ORDERED.**

Dated: August 10, 2026

NATHANAEL M. COUSINS
Chief United States Magistrate Judge

United States District Court
Northern District of California